IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MOUNTAIN STATES AGENCY, LLC )<br>733 South Camino del Pueblo )<br>Bernalillo, NM 87004 )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>BLAINE HARRINGTON )<br>7533 South Overlook Way )<br>Littleton, CO 80218 )<br>)<br>Defendant. ) | Case No. __1:20-cv-00041__ |

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, VIOLATION OF THE NEW MEXICO UNFAIR PRACTICES ACT, AND PRIMA FACIE TORT

Plaintiff Mountain States Agency, LLC ("Mountain States"), a limited liability company organized and operating under the laws of New Mexico, brings this Verified Complaint against Defendant Blaine Harrington ("Mr. Harrington"), and alleges as follows.

### I.   PARTIES

1. Mountain States Agency, LLC ("Mountain States") is a limited liability company organized in and operating under the laws of the State of New Mexico, with its offices located at the address shown in the caption of this pleading.

2. Defendant Blaine Harrington ("Mr. Harrington") is a photographer and businessman who conducts the business of luring innocent individuals and profit and non-profit businesses into downloading copies of photographs he has taken in New Mexico, without identifying those photographs as being his works or subject to copyright protection, and then threatening to sue or suing those individuals or entities in order to exact money from them.

## II.   JURISDICTION AND VENUE

3.   This Court has original subject matter jurisdiction over Plaintiff's Complaint by which Plaintiff seeks a declaratory judgment, acting pursuant to the Federal Declaratory Judgment Act, 28 U.S. Code § 2201, that Plaintiff is not liable to Defendant for copyright infringement under the U.S. Copyright Act of 1976, 17 U.S.C. § 101 et seq, for its having downloaded an image of a photograph in which Defendant claims to own the copyright.  In addition, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are citizens residing in different states and the amount at issue exceeds the value of $75,000 exclusive of interest and costs.  Further this Court has supplemental jurisdiction with respect to claims related to Plaintiff's claims arising under federal law, that arise from a common factual core and form part of the whole case or controversy between the Parties, pursuant to 28 U.S.C. § 1367.

4.   This Court has personal jurisdiction over Defendant, who has acted as a photographer in New Mexico and regularly photographs people, places and events in New Mexico which he then utilizes to conduct his business as described in paragraph 2 above.  In connection with that business Defendant has threatened to sue and has sued numerous residents of New Mexico, using the U.S. District Court in New Mexico on repeated occasions to bring suit against New Mexico residents in furtherance of his business.  Defendant is accordingly subject to the jurisdiction of this Court under the provisions of the New Mexico Long-Arm Statute, 1978 NMSA, § 38-1-16.

5.   Venue is properly found in this judicial district, where Defendant is subject to the Court's jurisdiction and where the Defendant regularly conducts business, and where a substantial part of the events giving rise to Defendant's actions that are the subject of Plaintiff's

claims occurred, and where resulting injury to Plaintiff has been and will continue to be suffered until the relief sought herein is granted, pursuant to the general venue statute, 28 U.S.C. § 1391.

## III.   BACKGROUND FACTS

6. Mr. Harrington conducts the business of a copyright troll. In the conduct of his business Mr. Harrington has taken photographs featuring scenic views of New Mexico, including mountains in New Mexico and images of hot air balloons at the time of Albuquerque's Annual Balloon Fiesta, all of which have considerable visual appeal. Rather than concentrate his business on the sale or licensing of those images, Mr. Harrington has pursued a believed-to-be unique business model, by which he has his photographs made available to the public on websites without providing notice that he claims to be the copyright owner of those photographs, all done intentionally so as not to inform members of the public of his claim to such ownership; then monitors public access to those websites to identify persons who download those images; then engages in searches of the web to determine if those persons who have downloaded the subject images use them for any purpose; and upon learning of such uses, contacts the persons who have downloaded and used the images, announces his claim to copyright ownership of the subject images, and threatens to sue the person unless they pay him an amount that could fairly be characterized as extortionate, given the market value for such images.

7. on information and belief Defendant sets the amount of payment demanded from such person to be many times the fair market value of a license or purchase of such photographic image, but in an amount he knows and intends to be less than the amount of attorneys fees a person charged by him would have to pay to defend a claim in court.

8. If the person so identified by Mr. Harrington declines to pay him the amount demanded, Mr. Harrington regularly files suit for copyright infringement against those persons in

3

federal courts throughout the United States. On information and belief Mr. Harrington has threatened hundreds of such persons with copyright infringement lawsuits over the past two or three years, and has filed suit against such individuals in those courts in more than 50 instances over the same time period. A disproportionate number of the suits Mr. Harrington has filed have been filed in the United States District Court for New Mexico.

9. All the actions described above are a part of a scheme Mr. Harrington has developed and pursues in order to lure individuals into downloading images of photographs in which he claims to own copyright; to then monitor access to those images in order to determine who has downloaded them and used them for any purpose that may be determined by access to the internet; and then with the assistance of legal counsel threaten to sue and sue such persons for amounts that are legally unreasonable, excessive and extortionate, knowing that the costs of defense of such claims, whether or not they are valid, would considerably exceed the cost of tribute demanded by the photographer who has orchestrated the scheme.

10. In 2019 Plaintiff Mountain States downloaded an image from a website that provided no information identifying the fact that the image was copyrighted, or that Mr. Harrington was the owner of copyright in that image. Mountain States intended to use the image, which appeared to be a conventional image of balloons common in Albuquerque, as a background image for its own website.

11. Acting in accordance with his business model as described above, Mr. Harrington identified Mountain States as having downloaded an image from a website that did not identify Mr. Harrington as the owner of copyright; discovered that Mountain States had posted the subject image as background to its own website; and then directed his lawyer to threaten and if necessary pursue a claim for copyright infringement against Mountain States unless it paid

4

$6,000 to his attorney's client trust fund "to compensate Mr. Harrington for the infringement." A copy of a letter sent to Mountain States on December 30, 2019 by Mr. Harrington's lawyer, communicating just such a message, is attached hereto as Exhibit A.

12. In all its actions described above, Mountain States was unaware of any claim by Mr. Harrington or others that copyright in the image was owned by Mr. Harrington. Immediately upon receiving the letter from Mr. Harrington's lawyer referenced above, Mountain States took down the image from its website, and has committed not to make any further use or reproduction of that image.

13. After taking down the image from its website Mountain States contacted undersigned counsel who agreed to represent it should Mr. Harrington seek any compensation or pursue any claim for damages against Mountain States for copyright infringement. Undersigned counsel contacted Mr. Harrington's attorney, with whom he had had dealings in the past in connection with similar claims by Mr. Harrington. At that time Mr. Harrington said that unless Mountain States agreed to compensate his client, he would sue Mountain States in Colorado, where Mr. Harrington resides.

14. Mountain States has no offices or employees in Colorado. It has several customers in Colorado, which it serves and which an account representative occasionally visits. Although Mountain States believes it would have a valid defense to any complaint filed in Colorado based on the absence of personal jurisdiction, it recognized that being sued in Colorado would subject it to substantial additional expense, and for that reason among others it has chosen to seek relief from this Court.

## COUNT I
### (Declaratory Judgment under 28 U.S.C. § 2201 et seq.)

15. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 14 above.

16. There exists an actual controversy between the Parties as to whether Defendant, by his conduct described herein, has been and is misusing protection provided by the U.S. Copyright Act to owners of creative works of authorship in threatening to sue Plaintiff.

17. For the reasons set forth above, Defendant has misused and is further threatening to misuse any copyright he owns in the image that is the subject of his threatened claim against Plaintiff, and Plaintiff is entitled to a declaratory judgment that Defendant's conduct precludes any claim for copyright infringement he has threatened against Plaintiff.

## COUNT II
### (Violation of New Mexico Unfair Practices Act, 1978 NMSA § 57-12-1 et seq.)

18. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 17 above.

19. By his actions described above, Defendant has acted knowingly and willfully, as part of his regular course of business conduct prior to and in connection with his dealings with Plaintiff, to lure Plaintiff and others into unwittingly committing entirely innocent violations of the Copyright Act, and to threaten and sue such persons, and in doing so falsely represent to the public that Defendant is acting in good faith in legitimate pursuit of his rights, all in a way that is injurious to the targets of his misconduct, such as Plaintiff herein, and the myriad of other members of the consuming public who have been and in the future may be entrapped by Defendant's calculated misuse of the copyright laws. All this is injurious to the public and fair

competition with respect to other photographers who do not engaged in such misuse of their copyrights and their customers.

20. By these actions described above Defendant has damaged Plaintiff and threatens to further damage Plaintiff and others, in violation of the New Mexico Unfair Practices Act, and Plaintiff is entitled to recover three times its actual damages and to receive an award of attorneys fees it reasonably incurs in securing relief it is seeking.

## COUNT III
### (Prima Facie Tort)

21. Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 20 above.

22. By intentionally committing the actions described herein of asserting ownership of copyright in his photographic image and threatening to sue for infringement, Defendant engaged in conduct that would be legal, had he not done so after having knowingly and intentionally lured Plaintiff into downloading and reproducing the subject image as part of his business model, but here for the improper purpose of attempting to exact extortionate payment from Plaintiff.

23. By his actions described above Defendant's conduct was for the purpose of and has had the effect of causing damage to Plaintiff, and Plaintiff is accordingly entitled to recover damages for prima facie tort, in an amount to be determined at trial.

WHEREFORE Plaintiff prays this Court enter judgment in its favor as follows:

1. DECLARE that any claim for copyright infringement Defendant has threatened against Plaintiff as described herein is barred by Defendant's misuse of copyright,

2. ORDER that Defendant be permanently enjoined from threatening to sue or suing Plaintiff for copyright infringement with respect to images Defendant makes publicly available

without identifying the fact that such images are subject to copyright protection or that he is the copyright owner of the image, acting pursuant to Defendant's business model by which he attempts to lure innocent persons to download and use such images.

3. ORDER Defendant to pay Plaintiff damages in an amount to be proven at trial.

4. ORDER Defendant to pay Mountain States damages in an amount three times its actual damages.

5. ORDER Defendant to pay Mountain States punitive damages for Defendant's knowing, willful and malicious action in violation of Mountain States' rights.

6. ORDER Defendant to pay Mount States the attorneys fees it reasonably incurs in seeking relief in this matter.

7. ORDER such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all claims asserted herein for which trial by jury is allowed.

Respectfully submitted,

PEACOCK LAW P.C.
By: /s/ Jeffrey L. Squires
Jeffrey L. Squires
NM Bar No. 143015
201 Third St. NW, Suite 1340
Albuquerque, NM 87102
Tel: (505) 998-6116
Fax: (505) 243-2542
*Attorneys for Plaintiff Mountain States Agency, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MOUNTAIN STATES AGENCY, LLC )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>BLAINE HARRINGTON )<br>)<br>Defendant. ) | Case No. 1:20-cv-00041 |

**VERIFICATION**

Mark Delaney, being the president of Mountain States Agency, LLC, the Plaintiff in the above-captioned matter, having read the Verified Complaint to which this Verification is appended, states that he is an adult, over the age of 18 years; that he resides in New Mexico; that the facts stated in the Verified Complaint are, to the best of his knowledge, true and correct, unless otherwise indicated; and that he believes Plaintiff is entitled to the relief sought in this Complaint.

I declare under penalty of perjury, as of this 14 day of January 2020, that the foregoing is, to the best of my knowledge, true and correct.

Mark Delaney
President
Mountain States Agency, LLC

G:\A-Clients\Mountain States Agency, LLC\LIT\Complaint for Declaratory Judgment 011320.docx

## EXHIBIT A

*The Law Office of*
# DAVID C. DEAL
*Copyright and Intellectual Property Law*

P.O. Box No. 1042　　　　TELEPHONE 434-233-2727　　　　DAVIDDEAL.com
CROZET, VIRGINIA 22932　　　　FAX 888-965-8083　　　　DAVID@DAVIDDEAL.com

December 30, 2019

**VIA Email**

Mountain States Agency, LLC
Attn: Mark Delaney
733 South Camino Del Pueblo
Bernalillo, NM 87004
mark@mountainstatesagency.com

**Re: Infringement of Photographic Copyright by Mountain States Agency, LLC**

Dear Mr. Delaney:

My firm represents Blaine Harrington, a professional photographer whose original copyrighted work has been infringed by Mountain States Agency, LLC.

I have attached a number of documents that offer evidence of such infringement: Exhibit A is a copy of Mr. Harrington's copyrighted photograph, "20121008_nm-tex_0273." Exhibit B includes documentation of Mountain States Agency's public use of the photograph. Exhibit C is the copyright registration for the photograph.

As evidenced by the exhibits, Mountain States Agency's use of "20121008_nm-tex_0273" appears to infringe our client's copyright. If you have been issued a license for the copyrighted work identified in Exhibit A, please contact our office immediately to provide documentation.

Our client has a number of options, including the right to file suit against Mountain States Agency for copyright infringement. Title 17 §§ 504-5 of the U.S. Code outlines damages for which an infringer is liable, including actual damages suffered by my client as well as your organization's profits attributable to the infringement. [www.govinfo.gov/content/pkg/USCODE-2012-title17/pdf/USCODE-2012-title17-chap5-sec504.pdf].

Please keep in mind that damages for copyright infringement are designed to recover the economic loss of the misuse, as well as to prevent and deter infringement. I encourage you to share this letter with your legal counsel, who can confirm the details of the applicable federal law outlined above.

In straightforward copyright cases such as this, it is often advantageous for parties to settle without filing suit. This is especially true given the extremely high cost of litigating intellectual property cases. While my firm has experience litigating copyright infringement cases, we have found that both parties are often best served by negotiating a resolution. Accordingly, our client has authorized my firm to resolve this matter on the following conditions:

1. Mountain States Agency remove the infringing work and any infringing derivatives thereof from the organization's website, and anywhere else the image has been used;

2. Mountain States Agency agree not to infringe any of Mr. Harrington's work in the future; and,

3. Mountain States Agency tender $6,000.00 to the Law Office of David C. Deal's client trust account to compensate Mr. Harrington for the infringement.

This offer is designed to minimize Mountain States Agency's ultimate exposure in this matter. Moreover, because Mountain States Agency requires the use of photographs in print and digital media, resolving the issue of copyright infringement through a confidential settlement will likely serve the long-term interests of the organization.

The longer this matter continues, the less inclined Mr. Harrington will be to resolve this matter without litigation. This is especially true if Mountain States Agency attempts to avoid the responsibility of infringement or employs delaying tactics. We can provide a sample confidential settlement agreement or we welcome the opportunity to jointly draft an agreement with your legal counsel that reflects a sound resolution to this matter.

Please carefully consider this letter and the associated exhibits. If we do not receive a response from you or a representative of Mountain States Agency within fifteen days from the date at the top of this letter, we will take further steps to resolve this matter.

Sincerely,

David C. Deal

## EXHIBIT A



## EXHIBIT B



EXHIBIT C

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Maria A. Pallante

Register of Copyrights, United States of America

**Registration Number**
VAu 1-132-209

**Effective date of registration:**
March 5, 2013

### Title
**Title of Work:** Blaine Harrington III Photography 20120116-20121129 12,692 Unpublished Photos

### Completion/Publication
**Year of Completion:** 2012

### Author
- **Author:** Blaine Harrington III
  **Author Created:** photograph(s)
  **Work made for hire:** No
  **Citizen of:** United States    **Domiciled in:** United States

### Copyright claimant
**Copyright Claimant:** Blaine Harrington III
7533 South Overlook Way, Littleton, CO, 80128, United States

### Limitation of copyright claim
**Material excluded from this claim:** text, jewelry design, architectural work, 2-D artwork, sculpture, map
**New material included in claim:** photograph(s)

### Rights and Permissions
**Name:** Blaine Harrington III
**Email:** blaineharr@comcast.net    **Telephone:** 303-932-9062
**Address:** 7533 South Overlook Way
Littleton, CO 80128 United States

### Certification
**Name:** Blaine G. Harrington III
**Date:** March 5, 2013

Page 1 of 1