## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____
                                          )
MOUNTAIN STATES AGENCY, LLC,              )
                                          )
        Plaintiff/Counter-Defendant       )
                                          )
v.                                        )        Civil Action No.:
                                          )        1:20-cv-00041-JFR-LF
BLAINE HARRINGTON,                        )
                                          )
        Defendant/Counterclaimant.        )
_____)

### PLAINTIFF'S MOTION TO HAVE CLERK ENTER JUDGMENT ON DEFENDANT'S OFFER OF JUDGMENT; AND FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT DISMISSING DEFENDANT'S COUNTERCLAIM FOR COPYRIGHT INFRINGEMENT

Plaintiff Mountain States Agency, LLC ("Plaintiff" or "Mountain States"), by its undersigned attorney, moves pursuant to Rule 68(a), F.R.C.P., to have judgment entered on the offer of judgment served by Defendant Blaine Harrington ("Defendant" or "Mr. Harrington") on May 29, 2020, in accordance with Plaintiff's acceptance of that offer as filed with the Court on June 2, 2020 [Doc. 32]. Plaintiff further moves, pursuant to Rule 12(c), F.R.C.P., for judgment on the pleadings dismissing Defendant's counterclaim for copyright infringement; or in the alternative for summary judgment on that counterclaim. As shown below, the Clerk is required to enter judgment in favor of Plaintiff in accord with its acceptance of Defendant's offer of judgment, but has not yet done so. Further, the terms of Defendant's offer of judgment, as accepted by Plaintiff, preclude Defendant from pursuing the claim for copyright infringement he alleged in his pleading in this matter [Doc. 6].

### I.      THE PARTIES' PLEADINGS

In its Verified Complaint [Doc. 1] Plaintiff asserted three claims:  Count I sought a

declaratory judgment that Defendant's conduct in threatening to sue it for copyright infringement with respect to an image of balloons was a misuse of copyright that "precluded any claim for copyright infringement he has threatened against Plaintiff." Id., ¶ 17 and allegations incorporated therein.  Count II sought damages for violation of the New Mexico Unfair Practices Act ("UPA"); Id. ¶¶ 18-20; and Count III sought damages for prima facie tort (Id. ¶¶ 21-22).

In his responsive pleading [Doc. 6] Defendant asserted two counterclaims against Plaintiff: Count I asserted a claim for copyright infringement with respect to the photograph that was the subject of Plaintiff's Complaint Id. ¶¶ 10-16; and Count II asserted a claim for "Removal and Alteration of Integrity of Copyright Management Information pursuant to 17 U.S.C. §1202." Id. ¶¶ 17-19.

After the parties exchanged initial discovery requests and responses, on May 29, 2020 Defendant served on Plaintiff an offer of judgment pursuant to Rule 68 F.R.C.P. [Doc. 32, pp. 3-5].  Defendant's offer of judgment stated he would pay to Plaintiff the monetary amount of $1.01, and specified that his offer "is made in response and pertains to [Plaintiff's] claims (28 U.S.C. §2201, 1978 NMSA § 57-12-1, Prima Facie Tort) as described in Plaintiff/Counter-Defendant's Verified Complaint for Declaratory Judgment, Violation of the New Mexico Unfair Practices Act and Prima Facie Tort."  Defendant's offer also stated that "to accept this offer" Plaintiff "must serve written notice of acceptance of this offer within fourteen (14) days of the date the offer is made."

Four days after receipt of the offer, Plaintiff's undersigned counsel provided Defendant written notice of acceptance, and filed notice with the Court of its acceptance, and requested the Clerk to enter judgment accordingly.  In both his email responses and the notice filed with the

Court, Plaintiff accepted the terms of the offer as served by Defendant, and sought nothing beyond what had been offered.

## II.     JUDGMENT SHOULD BE ENTERED ON THE TERMS OF DEFENDANT'S OFFER.

Judgment should be entered upon Plaintiff's acceptance of Defendant's Rule 68 offer, "without further procedural steps." Felders v. Bairett, 885 F.3d 646, 656 (10th Cir. 2018). The Court of Appeals there recognized, even though it refused to enforce as offer of judgment because the person to whom the offer was made had not been a party to the lawsuit at the time, that offers made to and accepted by parties to lawsuits were enforceable according to their terms; and that such offers are not merely settlement offers, but are offers, if accepted, that permit judgment to be entered on the terms set forth in the offer. Id. Such offers, once accepted, are self-executing, and the clerk must enter the judgment. R.A. Ramming v. Natural Gas Pipeline Co. of America, 390 F.3d 366, 370-71 (5th Cir. 2004). "[T]he court itself exercises no review over the judgment." White v. NFL, 756 F.3d 585, 595-96 (8th Cir. 2014). Should the clerk not perform the "ministerial act" of entering judgment (which for some reason the Clerk has not yet done in the instant case), the court should [enter] judgment nunc pro tunc." Mallory v. Eyrich, 922 F. 2d 1273, 1279 (6th Cir. 1990).

Accordingly, this Court should cause judgment to be entered in accordance with Plaintiff's acceptance of the terms in Defendant's offer of judgment, effective as of June 2, 2020, the date Plaintiff notified Defendant and this Court of its acceptance of Defendant's offer.

## III.     JUDGMENT SHOULD BE ENTERED DISMISSING DEFENDANT'S COUNTERCLAIM FOR COPYRIGHT INFRINGEMENT.

Plaintiff's acceptance of Defendant's offer of judgment on all its claims, for present purposes specifically with respect to Defendant's offer responsive to Plaintiff's claim in Count I

that it is "entitled to a declaratory judgment that Defendant's conduct precludes any claim for copyright infringement he has threatened against Plaintiff" (Plaintiff's Verified Complaint, ¶ 17), precludes Defendant from pursuing his counterclaim for copyright infringement, as a matter of law.   Once judgment on Defendant's offer of judgment is entered--which should be done immediately effective as of June 2, 2020 for reasons described above--judgment should be entered on the pleadings, dismissing Defendant's counterclaim for copyright infringement.

**A.      Plaintiff is entitled to Judgment on the Pleadings dismissing Defendant's counterclaim for copyright infringement.**

Rule 12(c), F.R.C.P., Motion for Judgment on the Pleadings, provides that "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."   In determining Plaintiff's motion, the Court should apply the same standards it would apply in ruling on a defendant's motion to dismiss under Rule 12(b)(6) prior to a defendant filing an answer.   See Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1367 (3d ed. 1998, Apr. 2020 update).   "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."   Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000).   Even accepting all well-pleaded facts in Defendant's infringement counterclaim as true, and drawing all reasonable inferences in his favor, see Armijo v. FedEx Ground Package Systems, Inc., 285 F. Supp. 3d 1209, 1212-1213 (D.N.Mex. 2018), Defendant's counterclaim cannot survive in the face of its offer to have judgment entered on a claim for a declaratory judgment that expressly rejected its infringement counterclaim.

Here the material facts are simple and not in dispute:

1.      Defendant's attorney sent Plaintiff a letter dated December 30, 2019 asserting that Plaintiff had infringed Defendant's copyright in a photograph ("the Subject Photograph"), a copy of which photograph was attached to that letter as Exhibit A.   The letter was subsequently

submitted as an exhibit to Plaintiff's Verified Complaint [Doc. 1].  In that letter Defendant's attorney asserted Defendant had the right to sue Plaintiff for copyright infringement; offered to accept payment of $6,000.00 "to compensate Mr. Harrington for the infringement," and said if he did not receive a response "we will take further steps to resolve this matter."  Id.

2.     Plaintiff filed its Complaint against Defendant on January 14, 2020, seeking, inter alia, a declaration under 28 U.S.C. §2201 that Defendant's conduct as alleged in Plaintiff's complaint "precludes any claim for copyright infringement he has threatened against Plaintiff." Verified Complaint, ¶ 17.

3.     Defendant filed a responsive pleading on February 5, 2020 [Doc. 6] in which he asserted two counterclaims, the first of which alleged that Plaintiff had infringed Defendant's copyright in the Subject Photograph.  Defendant's Answer and Counterclaims, ¶¶ 17-19.

4.     On May 29, 2020 Defendant served on Plaintiff an Offer of Judgment, offering to pay Plaintiff $1.01, inclusive of "all damages, taxable court costs, interest and attorney's fees." The offer was "made in response and pertains to Plaintiff/Counter-Defendant MOUNTAIN STATE AGENCY, LLC's Claims (28 U.S.C. §2201, 1978 NMSA § 57-12-1, Prima Facie Tort) as described in Plaintiff/Counter-Defendant's Verified Complaint . . ." [Doc 32, pages 3-5].

5.     On June 2, 2020 Plaintiff gave Defendant written notice of its acceptance of Defendant's Offer of Judgment [Doc. 32, pages 6-7].

6.     Also on June 2, 2020 Plaintiff filed with the Court a Notice of its Acceptance of Defendant's Offer of Judgment, attaching a copy of the Offer and its written acceptance of the Offer [Doc. 32].

Based on these undisputed facts, Defendant's counterclaim for copyright infringement is precluded by the terms of his Offer of Judgment and should be dismissed as a matter of law.

Plaintiff's entitlement to entry of judgment based on its acceptance of Defendant's offer bars that counterclaim, which cannot survive in the face of a judgment offered by Defendant that "Defendant's conduct precludes any claim for copyright infringement he has threatened against Plaintiff." (Count I of Plaintiff's Verified Complaint, ¶ 17).

This result is dictated by application of general principles of claim preclusion, as described in Wilkes v. Wyoming Department of Employment Division of Labor Standards, 314 F.3d 501 (10th Cir. 2002). The court there held that plaintiff's acceptance of an offer of judgment on her claim for retaliation in violation of federal and state law barred her later claim for essentially the same alleged wrongs after the EEOC issued her a right to sue letter. The Court of Appeals recognized the application of res judicata, or claim preclusion, was a question of law for the court to decide, Id. at 503, and noted the three elements that must exist to warrant application of the doctrine as being "(1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the causes of action in both suits." Id. at 504. Here Defendant has agreed to the entry of judgment; the parties are identical; and the claim at issue is expressly barred by the terms of the judgment offered and accepted.

Although the present case involves the effect of an accepted offer of judgment on a counterclaim rather than on a plaintiff's attempt at a second bite of the apple, Plaintiff's acceptance of the offer bars the counterclaim in question, by its plain terms. This is true whether one applies principles of claim preclusion--as in Wilkes, supra--or contract principles to determine that the terms of Defendant's offer, as accepted, bar Defendant from pursuing his infringement counterclaim. See, e. g., Scosche Industries, Inc. v. Vision Gear, Inc., 121 F.3d 675 (Fed. Cir. 1997). There, the Federal Circuit considered the effect of a plaintiff's offer of judgment with respect to a defendant's counterclaim for past patent infringement, accepted by the

counterclaiming defendant, on other claims asserted by the plaintiff in that case.  The court applied contract principles--treating the accepted offer of judgment as a contract--and found that a separate patent <u>invalidity</u> claim asserted by the defendant was not barred by its acceptance of the offer of judgment concerning only past infringements, because "[a]lthough the Rule 68 judgment disposed of the infringement counterclaim, it did not address the validity of the '159 patent, which is one of the subjects of Scosche's complaint."  <u>Id</u>. p. 679.

The <u>Scosche</u> court recognized that a counterclaim by a defendant making an offer of judgment could be barred by the terms of the offer and acceptance.  Regardless of the analysis employed, the plain meaning of Defendant's offer of judgment inescapably precludes him from pursuing the counterclaim he alleged for copyright infringement.  There is no valid basis for Defendant to contend it is not barred by the terms of its own offer, once having been accepted, from pursuing that claim.  He offered to accept a judgment on Plaintiff's claim that by its terms, precluded Defendant's copyright infringement claim.  The meaning of Defendant's offer could not be clearer on its face, and so the meaning of the offer and acceptance is a question of law for the Court to determine.  See <u>e.g.</u>, <u>Mark V, Inc. v. Mellekas</u>, 114 N.M. 778, 845 P.2d 1232 (S.Ct. 1993).  Applying contract principles, Defendant is bound by its offer.

Wright and Miller have noted that parties may include terms in offers of judgment that would limit or condition their offers in a variety of ways.  Charles A. Wright and Arthur R. Miller, <u>Federal Practice and Procedure</u> §3005 (3d ed. 1998, Apr. 2020 update).  Defendant here did not do so.  His offer was clear and unconditional.  Whether under principles of claim preclusion or contract interpretation, he cannot pursue the claim for copyright infringement he alleged in his counterclaim, and this Court should enter judgment on the pleadings dismissing that counterclaim.

**B.     Plaintiff is entitled to Summary Judgment dismissing Defendant's counterclaim for copyright infringement.**

Should the Court consider matters outside the pleadings presented by Plaintiff in support of its Rule 12(c) motion seeking judgment on the pleadings, it should treat the motion as one for summary judgment under Rule 56, as provided by Rule 13(d), F.R.C.P.  In doing so it may consider the facts alleged in Plaintiff's Verified Complaint as true for the purpose, see <u>Lantec, Inc. v. Novell, Inc.</u>, 306 F.3d 1003, 1018 (10th Cir,. 2002), along with any other facts that would be admissible at trial.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56(a), F.R.C.P.  Material facts are those "that could affect the outcome" of the particular issue. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  The moving party may discharge its burden by pointing out that there is an absence of evidence supporting the non-moving party's case.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  If the party opposing summary judgement fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law.  See <u>Celotex</u>, <u>supra</u> at 322.  See also <u>Zee v. Avalon Health Care, Inc.</u>, 2020 U.S. App. LEXIS 9033, **8-9 (10th Cir. March 23, 2020).  There, in affirming the district court's grant of summary judgement for defendant on plaintiff's employment discrimination claim, the Court of Appeals noted that "conclusory, self-serving assertions, devoid of factual support," <u>id.</u>, at *15, and "hearsay testimony that would be inadmissible at trial," <u>id.</u> at *30, could not create a material factual dispute that would defeat summary judgement (citing and quoting from <u>Thomas v. International Business Machines</u>, 48 F.3d 478, 485 (10th Cir. 1995).

The material facts set out above support entry of summary judgment dismissing

Defendant's copyright infringement counterclaim. They show--as Plaintiff has concededly repeated herein--that by offering judgment on Plaintiff's claim for declaratory judgment seeking to preclude Defendant's infringement claim, Defendant agreed that, if his offer was accepted, he could not pursue that claim. There is no legitimate basis for Defendant to dispute that.

## CONCLUSION

Based on facts not subject to reasonable dispute, this Court should enter judgment in favor of Plaintiff in accordance with the terms of Defendant's offer of judgment, effective June 2, 2020; and as part of that judgment should dismiss Defendant's counterclaim for copyright infringement, with prejudice, which Defendant is precluded from pursuing by the terms of his offer of judgment.

Respectfully submitted,

/s/ Jeffrey L. Squires

Jeffrey L. Squires
PEACOCK LAW P.C.
201 Third Street NW
Suite 1340
Albuquerque, NM  87102
Tel.: (505)-998-6116
jsquires@peacocklaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

MOUNTAIN STATES AGENCY, LLC,   )
                               )
    Plaintiff/Counter-Defendant    )
                               )
v.                             )    Civil Action No.:
                               )    1:20-cv-00041-JFR-LF
BLAINE HARRINGTON,             )
                               )
    Defendant/Counterclaimant.     )
_____)

**CERTIFICATE OF SERVICE FOR PLAINTIFF'S MOTION TO HAVE CLERK ENTER JUDGMENT ON DEFENDANT'S OFFER OF JUDGMENT; AND FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT DISMISSING DEFENDANT'S COUNTERCLAIM FOR COPYRIGHT INFRINGEMENT**

       I hereby certify that on this 8th day of July, 2020, a true and correct copy of Plaintiff's Motion to Have Clerk Enter Judgement on Defendant's Offer of Judgment; and for Judgment on the Pleadings or in the Alternative for Summary Judgment Dismissing Defendant's Counterclaim for Copyright Infringement was filed through the Court's CM/ECF system causing the following counsel of record to be served:

David C. Deal
P.O. Box 1042
Crozet, VA  22932
Tele.: 434-233-2727
david@daviddeal.com

Ian Bezpalko
Bezpalko Law Firm
2721 Sioux Street NW
Albuquerque, NM 87107
Tel.:  505-341-9353
ian@bezpalkolawfirm.com

*/s/ Jeffrey L. Squires*

G:\A-Clients\Mountain States Agency, LLC\LIT\Plaintiff's Motion to Have Clerk Enter Judgment on Defendant's Offer of Judgment and Judgment on the Pleadings 070620.docx