IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MOUNTAIN STATES AGENCY, LLC,**

    **Plaintiff/Counter-Defendant,**

    v.                                                Civ. No. 20-41 JFR/LF

**BLAINE HARRINGTON,**

    **Defendant/Counter-Claimant.**

## ORDER ON PLAINTIFF'S MOTION RE: OFFER OF JUDGMENT

**THIS MATTER** is before the Court on Plaintiff's Motion to have Clerk Enter Judgment on Defendant's Offer of Judgment; and for Judgment on the Pleadings or in the Alternative for Summary Judgment Dismissing Defendant's Counterclaim for Copyright Infringement filed on July 8, 2020 (Doc. 37).[1] Defendant responded on July 22, 2020 (Doc. 38), and Plaintiff replied on July 30, 2020 (Doc. 39). Plaintiff Mountain States Agency, LLC ("Mountain States") brought suit against Defendant Blaine Harrington ("Harrington") alleging he operated as a copyright troll who placed his copyrighted images onto various websites without noting ownership, then identified people who downloaded the images and demanded "extortionate amounts" against them with a threat to file suit. Doc. 1 ¶¶ 6-8.

Mountain States unwittingly discovered one of Harrington's unmarked copyrighted photographs of hot air balloons in New Mexico and decided to display it as a background image for its website. *Id*. ¶ 12. After Harrington's lawyer sent a threatening letter to Mountain States giving notice of the copyright and demanding a $6000 payment, Plaintiff immediately took down

---

[1] This motion is before the Court pursuant to the Notice of Rule 73 Consent to a Magistrate Judge filed in this case on February 14, 2020. Doc. 13.

the image, and then experienced repeated threats from Harrington about a lawsuit and demands for payment; therefore, Mountain States filed preemptive claims against Harrington in this Court to prevent an out-of-state copyright infringement action. *Id*. ¶ 12-13. At issue in this dispute is the scope of a Rule 68 offer of judgment for $1.01 that Defendant made in this case on May 29, 2020, and Plaintiff accepted on June 2, 2020. The dispute centers on whether the offer of judgment resolved Defendant's counterclaims, or just Plaintiff's claims against Defendant, and whether the offer of judgment is enforceable at all. Plaintiff's motion asks the Court to have the clerk's office enter judgment against Defendant on its three claims under Rule 68, and it seeks a judgment on the pleadings dismissing Defendant's counterclaims against it under Rule 12(c), or in the alternative, judgment as a matter of law dismissing the counterclaims under Rule 56. Based upon review of the briefs, pleadings and relevant law, the Court grants the motion seeking entry of judgment on the three counts in the complaint, including the declaratory relief Plaintiff sought in count I of the complaint. The motion for judgment on the pleadings is denied as moot.

## *Procedural Background*

Mountain States asserted three claims against Harrington in its verified complaint: count I sought a declaratory judgment that Defendant's conduct in threatening to sue it for copyright infringement with respect to a photograph image of balloons was a misuse of copyright that "precludes any claim for copyright infringement [Harrington] has threatened against Plaintiff." Doc. 1 ¶ 17. Count II sought damages for violation of the New Mexico Unfair Practices Act ("UPA") (*id*. ¶¶ 18-20); and count III sought damages for prima facie tort (*id*. ¶¶ 21-22). Defendant's responsive pleading asserted two counterclaims against Plaintiff: Count I alleged copyright infringement with respect to the photograph that was the subject of Plaintiff's Complaint (Doc. 6 ¶¶ 10-16); and Count II asserted a claim for "Removal and Alteration of

Integrity of Copyright Management Information pursuant to 17 U.S.C. §1202" (*id.* ¶¶ 17-19). After the parties exchanged initial discovery requests and responses, Defendant served Plaintiff with an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure on May 29, 2020. Doc. 28. Defendant's offer of judgment stated he would pay to Plaintiff the monetary amount of $1.01, inclusive of all damages, taxable court costs, interests and attorneys' fees, and it specified that his offer was "made in response and pertains to [Plaintiff's] claims (28 U.S.C. § 2201, 1978 NMSA § 57-12-1, Prima Facie Tort) as described in [Plaintiff's] Verified Complaint for Declaratory Judgment, Violation of the New Mexico Unfair Practices Act and Prima Facie Tort." Defendant's offer also stated that to "accept this offer" Plaintiff "must serve written notice of acceptance of this offer within fourteen (14) days of the date the offer is made." Doc. 38.

Four days after the offer, Plaintiff's counsel provided Defendant written e-mail notice of acceptance, stating:

> On behalf of my client Mountain States Agency, Inc., I accept the offer of judgment you served on me on May 29, 2020, by which you offered judgment in the amount of $1.01 on my client's claims set forth in its Verified First Amended Complaint.[2]

Doc. 38 at 17. Defendant later e-mailed Plaintiff stating as follows:

> To be clear, the Rule 68 offer covers Mountain States' claims only. Mr. Harrington will proceed with his claim of copyright infringement against Mountain States.

*Id.* Plaintiff ignored Defendant's attempted rescission or attempt to modify the offer and filed a Notice of Acceptance of Defendant's Offer of Judgment and Request for Entry of Judgment on

---

[2] Plaintiff's counsel incorrectly referenced claims asserted in an "amended complaint," but he promptly clarified that the use of "amended" was an inadvertent mistake, and that his acceptance concerned the claims in the complaint as stated in the offer of judgment, as there was no amended complaint filed. The Court does not find this error determinative of any substantive issue, as Plaintiff promptly and clearly corrected his mistake, and there is no evidence it caused any confusion in the case. *See* Doc. 32 at 6-7.

June 2, 2020, requesting the clerk of the Court to enter judgment accordingly. Doc. 32. Plaintiff seeks an entry of judgment, arguing that Defendant's offer of judgment extinguished its claims *and* Defendant's counterclaims primarily because count I sought a declaratory judgment that "Defendant's conduct precludes any claim for copyright infringement he has threatened against Plaintiff." Doc. 1 ¶ 17. Plaintiff seeks an order directing the clerk of the court to enter judgment in its favor on three counts pursuant to the offer of judgment, and seeks judgment on the pleadings dismissing the counterclaims. Mountain States argues that Harrington cannot concede its declaratory judgment action while simultaneously proceeding against Plaintiff on "the same, identical claim" declared invalid via judgment on count I of the verified complaint. *See* Doc. 39 at 3. Plaintiff argues that Defendant's effort to exclude his counterclaims from that offer of judgment is an impermissible modification of the original offer of judgment, which the Court must reject.

For his part, Defendant argues the Court must deny Plaintiff's motion for judgment on the pleadings because his offer of judgment did not extinguish his counterclaims against Plaintiff. According to Defendant, Plaintiff filed his Notice of Acceptance of the offer of judgment *after* Defendant clearly excluded his counterclaim for copyright infringement from his original offer of judgment. Doc. 38 at 3. According to Defendant, if the Court were to decide the counterclaims were included in the offer of judgment, then the parties did not enjoy "a meeting of the minds" because Defendant clearly excluded those claims from his offer; without a meeting of the minds, Harrington argues the contract is invalid. Defendant also argues that a defendant can *only* make an offer of judgment on claims brought against himself, lending further merit to his argument that the counterclaims survived Plaintiff's acceptance of the offer of judgment. Harrington maintains that conceding judgment on Plaintiff's claims does not preclude

his own counterclaims against Plaintiff for infringement and improper manipulation of copyright information. Doc. 38 at 7.

### *Legal Standard*

Rule 68 provides as follows:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

The rule's purpose is to encourage settlement, discouraging protracted litigation and make plaintiffs "think very hard about whether continued litigation is worthwhile." *Ramming v. Nat. Gas Pipeline Co. of Am.*, 390 F.3d 366, 370 (5th Cir. 2004) (citing *Marek v. Chesny,* 105 S. Ct. 3012 (1985)). Rule 68 "prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Id*. Rule 68 allows a defendant to make a "firm, non-negotiable offer of judgment." *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.,* 298 F.3d 1238, 1240 (11th Cir. 2002). Unlike traditional settlement negotiations in which a plaintiff may seek clarification or make a counteroffer, a plaintiff faced with an offer of judgment pursuant to Rule 68 may only accept or refuse it. *Id*. Thus, because a Rule 68 offeree is at the mercy of the offeror's choice of language, "the plaintiff should not be left in the position of guessing what a court will later hold the offer means." *Id*. at 1244; *see also Irvine v. I.C. Sys., Inc*., No. 14-CV-01329-PAB-KMT, 2015 WL 1509764, at *2 (D. Colo. Mar. 30, 2015). Offers under this rule must be unconditional.[3] *See*

---

[3] In this context, an unconditional offer means a definite and certain offer to pay for the plaintiff's damages and accrued costs with the defendant's clear agreement to allow judgment to enter against him or her. *See Roska v. Sneddon,* 366 F. App'x 930, 939 (10th Cir. 2010) (citing *Marek,* 105 S. Ct. at 3013 ("[T]he offer [must] be one that *allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued.* In other words, the drafters' concern was not so much with the particular components of offers, but with the *judgments* to be allowed against defendants.") (emphasis in original)).

*Whitcher v. Town of Matthews,* 136 F.R.D. 582, 585 (W.D.N.C. 1991) (citing 7 Moore's Federal Practice, par. 68.02 on page 68–4 (West 1990)).  When deciding whether there has been a valid offer and acceptance for the purposes of Rule 68, courts apply general contract law principles. *See Medina v. Housing Author. of San Miguel County*, No. 91-2094, 1992 WL 218990, at *2 (10th Cir. Sept. 4, 1992); *Radecki v. Amoco Oil Co.*, 858 F.3d 397, 400 (8th Cir. 1988); *Person v. NCO Fin. Sys., Inc.*, No. 10-2419-EFM, 2011 WL 3654452, at *1 (D. Kan. Aug. 19, 2011). Because a Rule 68 offer asks that the Plaintiff "give up his right to a trial," any ambiguities in the offer are construed against the drafter. *Nordby v. Anchor Hocking Packaging Co.,* 199 F.3d 390, 391 (7th Cir. 1999).  A Rule 68 offer, once accepted, is self-executing, and the clerk must enter the judgment. *R.A. Ramming v. Natural Gas Pipeline Co. of America*, 390 F.3d 366, 370-71 (5th Cir. 2004) ("The court generally has no discretion whether or not to enter the judgment."). "[T]he court itself exercises no review over the judgment." *White v. NFL*, 756 F.3d 585, 595-96 (8th Cir. 2014).  Should the clerk not perform the "ministerial act" of entering judgment, the court should [enter] judgment nunc pro tunc." *Mallory v. Eyrich*, 922 F. 2d 1273, 1279 (6th Cir. 1990).

    Rule 12(c) provides: "After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings."  Rule 12(c) is designed to provide a means of disposing of cases when the material facts are not in dispute. *See Kruzits v. Okuma Mach. Tool, Inc.,* 40 F.3d 52, 54 (3rd Cir. 1994) ("Under Rule 12(c), we will not grant judgment on the pleadings unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.") (internal quotation marks omitted); *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, Pa.,* 442 F.3d 1239, 1244 (10th

Cir. 2006) abrogated on other grounds by *Magnus, Inc. v. Diamond State Ins. Co.*, 545 Fed. Appx. 750, 753 (10th Cir. 2013) (a "[j]udgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.' "); *Ramirez v. Wal–Mart Stores, Inc.*, 192 F.R.D. 303, 304 (D.N.M. 2000) ("Any party may move for judgment on the pleadings if no material facts are in dispute and the dispute can be resolved on both the pleadings and any facts of which the Court can take judicial notice."); *see generally Selman v. Delta Airlines*, No. CIV 07–1059 JB/WDS 2008 WL 6022017, at *7 (D.N.M. 2008) (thorough discussion of general Rule 12(c) principles). A Rule 12(c) motion asks the court to render "a judgment on the merits . . . by looking at the substance of the pleadings and any judicially noted facts." *All. of Artists & Recording Cos., Inc. v. Gen. Motors Co.*, 162 F.Supp.3d 8, 16 (D.D.C. 2016) (internal quotation marks and citation omitted).

## *Analysis*

Defendant asserts that the Rule 68 offer of judgment must be limited to its terms, but he concludes those terms favor his legal theory that because the offer of judgment is silent as to his counterclaims, those counterclaims survive. However, the terms of the offer are that Defendant will pay Plaintiff $1.01, inclusive of "all damages, taxable court costs, interest and attorney's fees" and the offer was "made in response and pertains to [Plaintiff's] *Claims* (28 U.S.C. § 2201, 1978 NMSA § 57-12-1, Prima Facie Tort) as described in Plaintiff/Counter-Defendant's Verified Complaint . . ." *Id*. (emphasis supplied). Doc. 38 at 11-12. The Court emphasizes that the offer references the Declaratory Judgment Act as alleged in the complaint, with specific reference to Plaintiff's "claims," one of which is the declaratory judgment action in count I. While it is true that Defendant's offer is silent on the counterclaims, Harrington nonetheless conceded a

declaratory judgment that he has no copyright infringement action, *i.e*., his counterclaims. Conceding the declaratory judgment that no copyright infringement action exists against the Plaintiff would reasonably lead Plaintiff to conclude the counterclaims were extinguished. "A defendant offering judgment for complete relief is, in essence, submitting to the entry of default judgment." *Hepler v. Abercrombie & Fitch Co.*, 607 F. App'x 91, 92 (2d Cir. 2015) (citing *Abrams v. Interco Inc.,* 719 F.2d 23, 32 (2d Cir. 1983)). The parties did not resolve this dispute by settlement; they resolved it by offer of *judgment*. *See id*. at n. 1 (noting that while a Rule 68 offer need not comply strictly with the rule, it "must, however, be an offer of judgment, not simply an offer of settlement.") (citing *Cabala v. Crowley*, 736 F.3d 226, 228-29 (2d Cir. 2013) (per curiam)). The Court, therefore, finds that a declaratory judgment that "Defendant's conduct precludes any claim for copyright infringement" means that Defendant is precluded from asserting such counterclaims against Plaintiff. An offer of judgment that did not give the declaratory relief requested is "no offer at all." *Accord US Airways, Inc. v. Sabre Holdings Corp*., No. 11 Civ. 2725(LGS), 2015 WL 5188812, at *6 (S.D.N.Y. Sept. 4, 2015) (dismissing motion to enter judgment under Rule 68 without prejudice where declaratory relief was not included recognizing that "an offer of judgment that does not include declaratory relief 'is no offer at all.'"). An offer for only $1.01 that excluded the declaratory relief sought would be inconsistent with Rule 68. *See generally Buslepp v. B & B Entm't, LLC,* No. 12-60089-CIV, 2012 WL 4761509, at *3 (S.D. Fla. Oct. 5, 2012) ("[O]ffers including only monetary damages but excluding equitable or injunctive relief would . . . be inconsistent with" Rule 68.) (citation omitted); *Whitcher v. Town of Matthews*, 136 F.R.D. 582, 585 (W.D.N.C. 1991) ("offers including only monetary damages but excluding equitable or injunctive relief would also be inconsistent with the Rule").

Plaintiff accepted judgment of $1.01 in order to proceed with the knowledge that its claims prevailed to a judgment in its favor, albeit via settlement. "Reasonable rather than unreasonable interpretations of contracts are favored," and "[r]esults which vitiate the purpose or reduce the terms of a contract to an absurdity should be avoided." *In re Villa West Associates,* 146 F.3d 798, 803 (10th Cir. 1998) (quoting *Kansas State Bank & Trust Co. v. DeLorean*, 640 P.2d 343, 349 (Kan. Ct. App. 1982)). The Court construes the Rule 68 agreement in this case as entitling Plaintiff to the dismissal of the counterclaims that are expressly precluded by the terms of its requested declaratory judgment. Plaintiff would not have settled its claims for $1.01 only to then face the very litigation it sought to declare impermissible via declaratory judgment—that result would be unreasonable. *See id.* Defendant's offer clearly directed judgment on Plaintiff's claims, specifically including the declaratory judgment action. The fact that counterclaims were not expressly included is of no import where those claims were the precise actions precluded by the declaratory judgment action.

Defendant's post-offer modification attempt to retain his right to assert the very claims excluded by the declaratory judgment makes little sense. Harrington offered judgment in Mountain State's favor, specifically referencing the Declaratory Judgment Act. Plaintiff communicated its acceptance, and then Defendant tried to modify or rescind a portion thereunder. The Court finds such rescission impermissible based on the facts presented here. *See Webb v. James*, 147 F.3d 617, 620–21 (7th Cir. 1998) (joining courts that reject application of the doctrine of rescission in the context of a Rule 68 contract). In general, courts have held that Rule 68 offers of judgment may not be revoked during the 10-day period set by the Rule.[4]

---

[4] Rule 68 was later amended, effective December 1, 2009, to require that the offer of judgment be made at least fourteen (rather than ten) days "before the date set for trial" and requiring that the offeree accept the offer within fourteen (rather than ten) days after the offer is served. *See Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1243 & n.1 (10th Cir. 2011).

*See Richardson v. National R.R. Passenger Corp.*, 49 F.3d 760, 764 (D.C. Cir. 1995) (noting that all federal courts to have considered the issue treated Rule 68 offers as generally irrevocable during the 10-day period) (citing *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1240 (4th Cir. 1989); *Fisher*, 110 F.R.D. at 75; *Radecki*, 858 F.2d at 402 (in *dicta*)); *see also* Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2d, § 3004 (1997) (the courts have agreed with one of the drafters that Rule 68 offers cannot be withdrawn once served). Courts also agree on the reasons for not allowing revocation during this offer period. Unlike an ordinary contract offer, "a Rule 68 offer imposes certain consequences that can be costly for the plaintiff who declines the offer. The Rule is thus designed to put significant pressure on the plaintiff to think hard about the likely value of its claim as compared to the defendant's offer. In return, the plaintiff, as we understand the scheme, is guaranteed 10 days to ponder the matter (as though the plaintiff had paid for a 10–day option)." *Richardson*, 49 F.3d at 765. Similarly, because rejection of the offer can have serious consequences for the plaintiff, courts have rightly been reluctant to allow defendants to challenge the meaning of an offer of judgment, either before or after acceptance. *Erdman*, 926 F.2d at 880–81 (citing *Rateree v. Rockett*, 668 F. Supp. 1155, 1159 (N.D. Ill. 1987) ("it would be ludicrous and manifestly unjust to allow the Defendants to argue after the fact that their offer really means more than it says."); *see also Shorter v. Valley Bank & Trust Co.*, 678 F. Supp. 714, 719–20 (N.D. Ill. 1988). The district court in *Shorter* noted that a plaintiff who receives a Rule 68 offer is in a difficult position because the offer has a binding effect when refused as well as when accepted. An additional reason for district courts to refuse to consider challenges to the terms of a Rule 68 offer is that such challenges undermine the Rule's purpose of encouraging settlement and avoiding protracted litigation, as evinced by this Plaintiff's very motion. *See Webb*, 147 F.3d at

621 (citing *Sas v. Trintex*, 709 F. Supp. 455, 458 (S.D.N.Y. 1989) (subjecting Rule 68 offers to collateral proceedings concerning defendant's intentions in making the offer and plaintiff's assumptions in accepting would undermine entirely the purpose of the Rule)). Because entry of a Rule 68 judgment is ministerial rather than discretionary, there is also no opportunity for a district court to consider allowing rescission of a Rule 68 contract. *Id*. Once acceptance is properly filed, judgment must enter. *Id*.

Since Plaintiff accepted $1.01 to resolve its claims, it is also apparent that a judgment containing declaratory relief was more valuable to Mountain States than actual money damages. In *Lish v. Halper's Magazine Foundation,* 148 F.R.D. 516, 519–520 (S.D.N.Y. 1993), the court held that a final judgment containing a judicial determination of copyright violation, but no money damages, was more favorable than an offer of judgment that included money damages only. *Id.* at 520; *see also, Lightfoot v. Walker,* 619 F. Supp. 1481, 1485 (D.C. Ill. 1985) (holding that a judgment including declaratory relief on constitutional claims and injunction was "far more favorable" than the Rule 68 offer that did not include the injunctive relief obtained). Similarly, here, a declaration that Harrington is precluded from bringing any such claims against Mountain States is the benefit of the bargain the parties reached in this case. *See Sawyer v. Vivint, Inc.,* No. 14 C 8959, 2015 WL 3420615, at *3 (N.D. Ill. May 28, 2015) ("It would be unreasonable to expect that the Plaintiff accept such an offer and forfeit his right to trial when the relief he requested was not provided."). Applying general contract principles, the Court finds the offer here was clear and unconditional. *See generally Roska*, 366 F. App'x at 939. Defendant's subsequent attempt to modify or rescind that offer by asserting his right to maintain the very action Plaintiff filed suit to preclude has no merit where Plaintiff had accepted the offer, and such a condition would otherwise void the offer under Rule 68. *See generally Arbor Hill*

11

*Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91 (2d Cir. 2004) (offer of judgment was invalid because it was conditioned upon the approval of a proposed redistricting plan so plaintiff's acceptance would not have created a contract without further action by the legislative body).

The Court rejects Defendant's argument that the offer of judgment is void on grounds there was no meeting of the minds. *See Johnson v. University College of the Univ. of Alabama*, 706 F.2d 1205, 1209 (11th Cir. 1983) ("Under elementary principles of contract law, an offeree cannot accept a different offer from that made by the offeror. There must be a meeting of the minds."); *see also Medina,* 1992 WL 218990, at *2 (noting that basic principles of contract law require that "an offeree's acceptance must mirror the terms of the offer in order to be valid"). Defendant argues that mutual assent is lacking in this case because the parties attached different meanings to the scope of the offer. Mutual assent, however, is absent only if the parties attached different meanings to a contract term at the time of formation *and* neither party knew or *should have known* of the meaning attached by the other party. *See Flying J, Inc. v. Comdata Network Inc.,* 405 F.3d 821 (10th Cir. 2005) (adopting defendant's interpretation of a disputed term in a license because plaintiff knew or had reason to know the defendant's understanding of the term); Restatement (Second) of Contracts § 201(2). Here, the Court finds that Defendant knew or should have known that a declaratory judgment that precluded the very counterclaims Defendant alleged would prevent him from proceeding against Plaintiff on those counterclaims, at least with respect to the photograph at issue in Plaintiff's complaint, which is the only copyrighted image at issue in this dispute. Defendant should have known that Plaintiff would not accept $1.01 to settle its claims if Harrington could turn around and sue Mountain States for the claims Plaintiff sought to prevent in the first instance. The parties attached no different meaning to a term of the

offer, and the terms were clear and unambiguous. The Court rejects Defendant's post-offer attempt to carve out the right to bring a claim of relief against Plaintiff that is expressly excluded by the declaratory judgment anticipated in the case.

Under basic contract principles, in the absence of ambiguities on the face of the offer and acceptance, an accepted offer should be enforced on the terms set forth. *See Kirkland v. Sunrise Opportunities*, 200 F.R.D. 159, 161 (D. Me. 2001); *see also Erdman v. Cochise County, Arizona*, 925 F.2d 877, 880 (9th Cir. 1991) (accepted offers are forms of settlement agreements subject to conventional contract principles; extrinsic evidence may be used to determine the "intended meaning of material terms" if those terms are ambiguous). The Court finds no ambiguities in Harrington's offer of judgment, and it will not permit him to inject one now. The Court will, therefore, order the clerk's office to enter judgment in Plaintiff's favor pursuant to the offer of judgment, including the declaratory relief sought in count I, which, by definition, precludes and dismisses with prejudice the counterclaims herein.[5]

Plaintiff's opening brief argued that the Court does not have jurisdiction over Defendant's counterclaims based upon principles of claim preclusion, citing *Wilkes v. Wyoming Dep't of Employ. Div. of Labor Standards*, 314 F.3d 501 (10th Cir. 2002) in support of its argument. However, in that employment case, judgment had already been entered, plaintiff filed a satisfaction of judgment, and nobody disputed the finality of that order. Here, judgment has not yet entered, so claim preclusion has no application to the situation presented for review, which is limited to the scope and enforceability of the Rule 68 offer of judgment. *Scosche*

---

[5] "Once a court concludes that declaratory relief is appropriate, the precise wording of the decree relates to the form rather than to the propriety of relief." *Archie Comic Publications, Inc. v. DeCarlo*, No. 00CIV5686(LAK), 2001 WL 1543526, at *1 (S.D.N.Y. Dec. 3, 2001); *see also Hastings Dev., LLC* v. *Evanston Ins. Co.*, No. 14 Civ. 6203 (ADS) (AKT), 2016 WL 3632708, at *8 (E.D.N.Y. June 29, 2016) ("[I]t is entirely within the discretion of the district court to determine the scope and wording of a declaratory judgment.").

*Indust., Inc.*, 121 F.3d at 678 (claim preclusion irrelevant where court is deciding scope of Rule 68 judgment because parties can agree to resolve some but not all claims in a case). Even if the Clerk of the Court had issued a judgment, New Mexico courts and the Tenth Circuit are reluctant to apply a preclusive effect to stipulated settlements or consent judgments. *In re Young,* 91 F.3d 1367, 1376 (10th Cir. 1996) (holding that consent judgment in state court has no preclusive effect in subsequent bankruptcy proceeding where no such intent was expressed in terms of judgment); *In re N.M. Properties, Inc.,* 18 B.R. 936, 941 (Bkrtcy D.N.M. 1982) (stating that "[a] stipulated judgment is not a judicial determination, but is a contract between the parties entering into said stipulation") (citations omitted); *Pope v. Gap, Inc.,* 1998-NMCA-103, ¶ 27, 125 N.M. 376, 384, 961 P.2d 1283, 1291 (N.M. Ct. App. 1998) (holding that a Rule 1–068 judgment that is silent regarding liability has no preclusive effect). Plaintiff's reply brief also appears to concede that claim preclusion does not apply here, so the Court need not resolve that argument. Doc. 39 at 3 n.3.

## *Conclusion*

In conclusion, judgment will enter in Plaintiff's favor on all counts alleged in the complaint, with damages to Plaintiff for $1.01 in total, inclusive of all costs and fees. Pursuant to the entry of declaratory relief herein, which is entered in satisfaction of judgment in Plaintiff's favor on count I, the Court also orders that Defendant's counterclaims are dismissed with prejudice. The Court need not address Plaintiff's request for judgment on the pleadings or summary judgment because the declaratory relief granted pursuant to the offer of judgment on count I leads to the dismissal of the counterclaims with prejudice. *See generally Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987) ("The purposes of declaratory judgments are to 'clarify[ ] and settl[e] the legal relations at issue' and to 'terminate

and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'") (quoting Borchard, *Declaratory Judgments* 299 (2d ed. 1941)).

Plaintiff's Motion to have Clerk Enter Judgment on Defendant's Offer of Judgment; and for Judgment on the Pleadings or in the Alternative for Summary Judgment Dismissing Defendant's Counterclaim for Copyright Infringement filed on July 8, 2020 (Doc. 37) is **GRANTED** in part and **DENIED** in part as moot.

**IT IS ORDERED** that the Clerk of the Court shall enter judgment in Plaintiff's favor, nunc pro tunc to July 2, 2020, on the counts alleged in the verified complaint for $1.01, as tendered in the Rule 68 offer of judgment.

**IT IS FURTHER ORDERED** that declaratory judgment shall enter pursuant to judgment in Plaintiff's favor on count I,

**AND IT IS DECLARED** that Defendant's conduct precludes any claim for copyright infringement that Defendant Harrington has threatened and/or filed against Plaintiff.

**IT IS FURTHER ORDERED** that pursuant to the entry of declaratory judgment, Defendant's counterclaims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the case is **DISMISSED**.

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**
**Presiding by Consent**