## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____
                                        :
MOUNTAIN STATES AGENCY, LLC,            :
                                        :
     Plaintiff/Counter-Defendant    :
                                        :
v.                                      :          Civil Action No.:
                                        :          1:20-cv-00041-JFR-LF
BLAINE HARRINGTON,                      :
                                        :
     Defendant/Counter-Claimant.    :
                                        :
_____:

### RESPONSE IN OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES

### PRELIMINARY STATEMENT

To Defendant/Counter-Claimant BLAINE HARRINGTON ("Harrington"), this case has always been about Plaintiff/Counter-Defendant MOUNTAIN STATES AGENCY, LLC ("Mountain States") improperly copying his creative works. Undeniably, the parties in this case have had other disputes, as have the parties' counsel. However, in this case, Harrington's hand was forced when Mountain States filed its Complaint alleging Harrington has conspired to surreptitiously plant his copyrighted image online so he could then catch unwitting infringers to exact unreasonable sums. Harrington did not initiate this suit but was forced to defend it along with his stellar reputation as a commercial photographer gained during the past forty (40) years.

While the Court has ruled in favor of Mountain States on the issue of whether Mountain States' acceptance of Harrington's Rule 68 Offer of Judgment precluded Harrington's copyright

claims, attorney's fees are not appropriate in this case. Harrington and his attorney acted in a good faith attempt to adjudicate his legal rights. Harrington's position while not successful was not frivolous or unreasonable. And Harrington made every effort to keep the scope and cost associated with the case limited.

This is also not the type of case, in a legal or equitable sense, that warrants attorney's fees. The purpose of the attorney's fees under 17 U.S.C. § 505 is to prevent serial infringers that would go unpunished but for the availability of attorney's fees and to prevent litigants from repeatedly enforcing weak copyright infringement claims through intimidation and the fear of legal fees. This is a traditional dispute that the American Rule was created for and the American Rule should prevail here.

## I.    INTRODUCTION

Mountain States fails to satisfy the standard for recovering attorney's fees in this case under 17 U.S.C. § 505, the Supreme Court's *Fogerty* decision[1], and other applicable precedents. Mountain States also fails to satisfy the standard for recovering attorney's fees in this case under 28 U.S.C. § 1927 or Rule 11 F.R.C.P.

Before this litigation began, David C. Deal ("Deal"), counsel for Harrington, and Jeffrey Squires ("Squires"), counsel for Mountain States, were adverse counsel in a number of similar disputes involving allegations of online copyright infringement by Harrington against business entities. Prior to this case, all but one previous case was resolved without the need for litigation.

The dispute between the parties in this case led Mountain States to initiate a suit against Harrington for numerous wildly inaccurate claims as well as a declaratory judgment under 28 U.S.C. § 2201. Mountain States filed the suit within one week of first being contacted by

---

[1] *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994).

Harrington about its alleged infringement of Harrington's copyrighted photograph. Harrington responded by filing a countersuit for copyright infringement. A less-than-settled legal issue arose following Mountain States' acceptance of Harrington's Rule 68 Offer of Judgment, whether the acceptance precluded Harrington from continuing to pursue his copyright infringement counterclaims. Mountain States has acknowledged that no clear case precedent on this issue exists. Against this backdrop, Mountain States asks the Court to award it more than $22,000.00 in attorneys' fees and costs following Mountain States' successful argument that its acceptance precluded Harrington's counterclaims.

Under Section 505 of the Copyright Act, to obtain an award of fees, Mountain States must demonstrate that its fees are appropriate to award under standards laid out by the Supreme Court in *Fogerty v. Fantasy, Inc*. Under *Fogerty*, fees should only be awarded where four factors warrant such an award: (1) whether the claim was frivolous; (2) whether the claim was pursued with an improper motivation; (3) whether the claim was objectively unreasonable; and (4) whether there is a need in the particular circumstances to advance considerations of compensation and deterrence.

None of these factors support an award of fees here. Harrington's position and argument before this court on whether the acceptance precluded Harrington from continuing to pursue his copyright infringement counterclaims was brought in good faith, for a legitimate purpose, and were objectively reasonable under any fair-minded view.

Finally, even if Mountain States was entitled to some attorneys' fees here (and it is not), its request for over $22,000.00 is unsupportable. As explained below, Mountain States' attorneys' fees request – which represents a dramatic overworking of a legal issue as well as

duplicative tasks – is excessive and unreasonable. On any and all of these grounds, this Court should deny Mountain States' motion for attorney's fees and costs.

## II.     FACTS

On September 23, 2020, this court issued and order granting in part and denying in part Mountain States' Motion for Judgment on the Pleadings. [ECF No. 41].

On October 1, 2020, this court entered a Judgment in favor of Mountain States in the amount of $1.01. [ECF No. 42].

On October 30, 2020, Mountain States filed an incomplete Motion for Attorney's Fees. [ECF No. 44].

On November 2, 2020, thirty-two (32) days after the Judgment in this case, Jeffrey Squires ("Squires"), counsel for Mountain States, emailed David Deal ("Deal') and Ian Bezpalko ("Bezpalko"), counsel for Harrington, requesting consent for its Motion for Attorney's Fees. [ECF No. 45, Ex. 1].

On its face, Mountain States' motion was improperly filed and should be summarily dismissed because Mountain States failed to follow the clear and unambiguous rules of The United States District Court for the District of New Mexico Local Rules of Civil Procedure and The Federal Rules of Civil Procedure for filing its motion.

First, D.N.M.LR-Civ. 7.1(a) requires a movant to determine whether a motion is opposed. D.N.M.LR-Civ. 54.5 requires a (complete) motion for attorney's fees to be filed within thirty (30) days of entry of judgment. Mountain States did not determine whether its motion was opposed before it filed, and still at the time of this filing has not included a recitation of a good-faith request for such for concurrence. Mountain States offered only a belated excuse that it

believed "consent would be futile," which blatantly flaunts both the letter and the spirit of the rule. [ECF No. 45].

Second, Mountain States has included a request for fees under Rule 11, F.R.C.P. along with its request for fees under separate rules. This practice is not permitted under Rule 11, which demands a motion for sanctions under the Rule be made in a separate motion. Mountain States' request under Rule 11 also was not preceded by notice to Harrington with a mandated twenty-one (21) day period for Harrington to withdraw his pleading, which in this case was Harrington's Opposition to Plaintiff's Motion to have Clerk Enter Judgment on Defendant's Offer of Judgment. [ECF No. 39].

In addition to the procedural defects detailed above, Mountain States' request for attorney's fees is based on its assertion that Harrington's argument concerning the effect of Mountain States' acceptance of Harrington's Rule 68 Offer of Judgment was unreasonable and designed to needlessly extend proceedings in this case. By all objective standards, it was not. Harrington's attorneys performed the appropriate legal research and provided the appropriate documentation supporting his position.

In support of the above, Mountain States has agreed the specific facts and legal issue before the court concerning Mountain States' acceptance of Harrington's Rule 68 Offer of Judgment and whether it foreclosed Harrington's counterclaims was without precedent. [ECF No. 44, Page 6, ¶ 3]. While this admission alone does not defeat Mountain States' motion, it strongly supports Harrington's position on and decision to contest the issue was a reasonable one, and therefore not subject to an award of attorney's fees, despite ultimately losing the argument.

III.    ARGUMENT

Mountain States asserts this court has authority to award attorney's fees in this matter under 17 U.S.C. § 505, 28 U.S.C. 1927, and Rule 11 F.R.C.P. For numerous reasons, attorney's fees are either not permitted under the statutes and rules cited by Mountain States, or not appropriate given the record of this case.

A. Mountain States' Motion Was Untimely Filed and Failed to Follow D.N.M.LR-Civ. 7.1(a)

A court has the discretion to strike a filing, including a motion, when it does not comply with local rules. *Ysais v. New Mexico Judicial Standard Comm'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009) *aff'd sub nom*. *Ysais v. New Mexico*, 373 Fed. Appx. 863 (10th Cir. 2010) (observing that court can "choose to strike a filing that is not allowed by local rule . . ." (citation omitted)). *See also Hernandez v. George*, 793 F.2d 264, 266 (10th Cir.1986) (recognizing "that district courts have discretion in applying local rules.").

Mountain States failed to follow the basic requirements of D.N.M.LR-Civ. 7.1(a) before filing its motion by not seeking consent from Harrington, as well as never filing, with the motion, an explanation for why such consent was not necessary. In fact, Deal would state as he did in his declaration that such a communication would have been received and reviewed carefully, not summarily denied out of hand. If Mountain States were to have filed its motion well before the thirty-day deadline for filing a motion seeking attorney's fees and followed up such action with a prompt communication to Harrington's counsel, the issue would be different. But Mountain States did not do so. Mountain States filed its motion on the last allowable day without satisfying the requirement of communicating with opposing counsel to seek consent. Mountain States has also never filed a recitation of a good-faith request as required by the Local Rules. On those grounds, this court should dismiss the motion.

B.  <u>Mountain States is not entitled to an award of attorney's fees under 17 U.S.C. § 505</u>

Mountain States' request for attorney's fees under 17 U.S.C. § 505 is improper because the dispute between the parties that led to its request did not concern a question of copyright. In this case, the dispute was whether Mountain States' acceptance of Harrington's Rule 68 Offer of Judgment precluded Harrington from pursuing his infringement counterclaim. It is also worth noting Mountain States initiated the original case, which was pled in the form of a declaratory judgment, which in turn led to Harrington's copyright infringement counterclaims and ultimately the dispute concerning its acceptance of Harrington's Rule 68 Offer.

Section 505 "grants courts wide latitude to award attorney's fees based on the totality of circumstances in a case." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016). In deciding whether to award fees under the Copyright Act, the district court should consider, among other things: "the degree of success obtained on the claim; frivolousness; motivation; objective reasonableness of factual and legal arguments; and need for compensation and deterrence." *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996). While objective reasonableness is an important factor, it is not a controlling one according to *Kirtsaeng*.

Further, "The touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act, *i.e.,* by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure 'that the boundaries of copyright law [are] demarcated as clearly as possible' in order to maximize the public exposure to valuable works." *Matthew Bender Co., Inc. v. West Pub. Co.*, 240 F.3d 116, 122 (2d Cir. 2001).

The Copyright Act "creates an exception to th[e] general rule [that parties bear their own litigation costs] by providing that a district court, 'in its discretion,' may 'award a reasonable attorney's fee to the prevailing party' in a copyright infringement action. 17 U.S.C. § 505." *Airframe Sys. v. L-3 Communs. Corp.*, 658 F.3d 100, 108 (1st Cir. 2011). Such references emphasize the common-sense reading, and proper statutory interpretation, that Section 505 is limited to copyright infringement actions.

The title of Section 505 is "Remedies for infringement: Costs and attorney's fees." 17 U.S.C. § 505. It is in a series of Sections, all directed specifically to copyright infringement. See 17 U.S.C. §§ 501-504. The title of Section 505 shows that the drafters of Section 505 had only copyright infringement in mind when drafting the section and intended to limit to copyright infringement actions as opposed to declaratory judgment actions.

Even if this court decides that Mountain States is eligible for attorney's fees under § 505, the Court has "discretion" to award or withhold Mountain States' attorneys' fees. 17 U.S.C. § 505.

The courts consider a number of non-exclusive factors when determining if legal fees are appropriate in a copyright action. These include factors such as frivolousness, motivation, objective unreasonableness, and the need for deterrence and compensation. *Kirtsaeng*, 136 S. Ct. at 1989. Although some courts treat objective unreasonableness as an extension of the frivolousness analysis, and other use it to address litigation conduct, it is clear that party's reasonableness during litigation is often central to the court's legal fees analysis. See, e.g., *Spooner v. EEN, Inc.*, 644 F.3d 62, 65 (1st Cir. 2011).

These factors are absent here. Mountain States' claims that Harrington and his attorney acted unreasonably are unfounded. An award of fees is therefore inappropriate.

1.  <u>Harrington's Motivation Was Proper</u>

Mountain States argues "there was no evidence on which a reasonable person could rely that Mountain States' acceptance did not meet the terms of Harrington's offer." This argument is not true. Harrington clearly outlined in his Opposition two points of law supporting his position. First, Harrington detailed the communication between the parties concerning his Rule 68 Offer. Harrington included facts and case law indicating the failure of the parties to have a "meeting of the minds." The legal issue of the effect of the Rule 68 Offer was much more complicated than a straightforward case with one plaintiff and one defendant. This case included counterclaims by arguably the true plaintiff, Harrington. Harrington detailed why the parties did not engage in a "meeting of the minds" based on Deal's email that clearly stated that Harrington's Rule 68 Offer did not preclude Harrington from pursuing his copyright claims. Harrington clearly detailed how Deal's email preceded the June 17, 2020 telephonic Status Conference held by Judge Fashing and the subsequent order by the judge for the parties to brief the dispute.

Second, Harrington detailed its position on why its Rule 68 Offer did not cover his copyright claims given the case involved not just a plaintiff and defendant but a counter-claimant and counter-defendant. Harrington clearly outlined with case law and legal reasoning the difference between Mountain States' claims that Harrington was a copyright troll and whether Mountain States was a copyright infringer.

2.  <u>Harrington's Position Concerning the Effect of Mountain States' Acceptance of Harrington's Rule 68 Offer Was Objectively Reasonable</u>

Mountain States suggests that Harrington's position was objectively unreasonable and that Harrington litigated this issue in an unreasonable manner. These arguments are belied by an analysis of the record. Far from being objectively unreasonable, the dispute as to whether Mountain States' acceptance of Harrington's Rule 68 Offer on a declaratory judgment that

Harrington acted improperly foreclosed Harrington's copyright infringement claim presented an important issue that Mountain States has acknowledged were previously unreported. Where a case presents "substantial questions of first impression," an award of attorneys' fees is not appropriate. See *Lifshitz v. Walter Drake & Sons, Inc.*, 806 F.2d 1426, 1435 (9th Cir. 1986) (denying attorneys' fees where issues presented were "substantial questions of first impression in this circuit"). Similarly, a court should not award attorneys' fees against a party that brought novel, complex, or colorable claims, or took a "reasonable stand on an unsettled principle of law." *Garnier v. Andin Intern., Inc.,* 884 F. Supp. 58, 62 (D.R.I. 1995) (denying request for attorneys' fees by defendant that obtained summary judgment

Harrington presented two arguments, the first that a unilateral mistake on Harrington's part prevented a meeting of minds which should nullify the offer and acceptance, and the second that despite the fact that the offer granted the declaratory judgment, this did not foreclose a valid claim for copyright infringement that could have been an award as low as $200.00, an amount substantially less than the alleged threatening behavior that the declaratory judgment sought to preclude.

3. <u>Awarding Attorneys' Fees Would Disserve the Purposes of the Copyright Act</u>

"[T]he imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." *Matthew Bender & Co. v. West Publ'g Co*., 240 F.3d 116, 122 (2d Cir. 2001) (citing *Mitek Holdings, Inc. v. Arce Eng'g Co*., 198 F.3d 840, 842 (11th Cir. 1999). Courts recognize that parties should not be discouraged from asserting claims in unresolved areas by fear of massive attorneys' fee awards. "This is because such attorney fee awards may chill litigation of close cases, preventing the clear demarcation of the boundaries of copyright law. *Ariel (UK) Ltd. v.*

*Reuters Group PLC*, 2007 WL 194683, *1 (S.D.N.Y. Jan. 24, 2007) (citing *Fogerty*, 510 U.S. at 527); see also *Luken v. Int'l Yacht Council, Ltd.*, 581 F. Supp. 2d 1226, 1246 (S.D. Fla. 2008) ("a party that advances a reasonable position should not be deterred from doing so for fear that it will have to pay attorney's fees if it loses"); *Perfect 10, Inc. v. CWIE, LLC*, 2005 WL 5957973, *3 (C.D. Cal. Feb. 10, 2005) (finding no reason to award attorneys' fees for deterrent purposes; "[a]warding attorney's fees would . . . punish the Plaintiff for advancing a theory in an unclear area of copyright law"). Thus, under the facts of this case, an award of attorney's fees to Mountain States would not serve the principles of the Copyright Act and should be rejected.

All but two of the cases cited by Mountain States include underlying legal issues concerning copyright *on appeal*. Harrington's argument that he should be free to continue to pursue his claims of copyright infringement against Mountain States was not an appeal of a judgment, nor was it a matter where the legal and factual issues concerned copyright.

Additionally, Mountain States' assertion that *Erickson v. Sympathy for the Record Industry* should have any bearing on whether Harrington's argument concerning his Rule 68 Offer of Judgment was reasonable is extraordinarily weak. In fact, the order in *Erickson* to which Mountain States refers specifically notes that the party that accepted the Rule 68 Offer in this case may have, "deliberately undertook extensive efforts to enforce the judgment in order to increase their attorney's fees." And according to the Court, "it is not apparent to this court that Mermis (the party who made the Rule 68 Offer) outright refused to pay the judgment offered." Even if this court were to determine there was some merit to applying *Erickson* to the facts of this case, the court in *Erickson* awarded attorney's fees based on California State law, CL. CIV. PROC. CODE § 685.040, <u>not 17 U.S.C. § 505.</u>

The closest case cited by Mountain States to the facts and legal issues present in the dispute concerning Harrington's pursuit of his copyright claims is *Sturgis*. 317 Fed. Appx. 553, 556 (7th Cir. 2009). But *Sturgis* concerns the proper enforcement of attorney's fees that were *specifically identified in the executed settlement agreement between the parties*. Again, the court in *Sturgis* cites Indiana State law and Rule 37(a)(4) F.R.C.P. in awarding fees, not 17 U.S.C. § 505.

C.   Mountain States is not entitled to an award of attorney's fees based under 28 U.S.C. § 1927

Section 1927 is penal in nature. Accordingly, "it should be strictly construed so that it does not 'dampen the legitimate zeal of an attorney in representing his client.'" *Lee v. L.B. Sales, Inc.,*177 F.3d 714, 718 (8th Cir. 1999) (quoting *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.,*38 F.3d 1414, 1416 (5th Cir. 1994)); *see also F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994) ("[p]unishment under [Section 1927] is sparingly applied").

A court may award attorney fees under 28 U.S.C. § 1927 only as an "extreme standard," and "a court should make such an award only in instances evidencing a serious and standard disregard for the orderly process of justice." *Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997).

Section 1927 awards are appropriate "only in instances evidencing a serious and standard disregard for the orderly process of justice." *White v. Am. Airlines, Inc*., 915 F.2d 1414, 1427 (10th Cir. 1990) (internal quotations omitted). "Actions are considered vexatious and unreasonable if the attorney acts in bad faith . . . or if the attorney's conduct constitutes a reckless disregard for the duty owed by counsel to the court." *Shackelford v. Courtesy Ford, Inc*., 96 F.Supp.2d 1140, 1144 (D. Colo. 2000).

The aim of § 1927 is to ensure that attorneys "regularly re-evaluate the merits of their claims and avoid prolonging meritless claims." *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006).

For the same reasons detailed above, Mountain States' assertions that Harrington and his attorney acted unreasonably and vexatiously are unfounded.

D. <u>Mountain States is not entitled to an award of attorney's fees based under Rule 11 F.R.C.P</u>

A Rule 11 motion may not be included as a prayer for relief in another motion. Also, the separate Rule 11 motion must be served on the opposing party well before it is filed with the court. After service, the target of the motion has twenty-one (21) days in which to withdraw or "appropriately correct[]" the challenged claim. Rule 11(c)(1)(A).

Courts of this jurisdiction have required strict compliance with the safe harbor provision and have denied outright Rule 11 motions that failed to comply with the safe harbor provision. See *Roth v. Green*, 466 F.3d 1179, 1191-93 (10th Cir. 2006) (vacating sanctions award, holding that warning or "safe harbor" letters do not satisfy Rule 11's requirement that party intending to seek sanctions serve its motion on offending party 21 days prior to filing motion; expressly disagreeing with the Seventh Circuit's decision in *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003));

Mountain States included its motion for attorney's fees under Rule 11 with its motion for attorney's fees under 17 U.S.C. § 505 and 28 U.S.C. § 1927. Mountain States also failed to comply with the safe harbor provision. If the court is inclined to consider Mountain States' request for attorney's fees under Rule 11 F.R.C.P despite its failure to abide by the rule's plain and unambiguous language, Harrington and his counsel offer the following explanation in addition to the reasons detailed above.

An attorney takes a frivolous position only when "he fails to make a reasonable inquiry into facts (which later prove false) or takes a position unwarranted by existing law or a good faith argument for its modification." *Magnus Elecs., Inc. v. Masco Corp*., 871 F.2d 626, 629 (7th Cir. 1989)).

Rule 11 imposes an affirmative duty to investigate. See *Holgate v. Baldwin*, 425 F.3d 671, 675-77 (9th Cir. 2005) (an attorney must conduct an objectively reasonable inquiry into the facts and law to make sure the complaint is well-founded). And, "Fees are awarded . . . only when the failure to investigate leads to the taking of an objectively unreasonable position." *FDIC v. Elefant*, 790 F.2d 661, 667 (7th Cir. 1986).

Additionally, courts agree that attorneys' inquiry into the legal and factual basis of their claims need only be reasonable under the circumstances. See *Vernon v. Port Authority of N.Y.*, 95 Civ. 4594 (PKL), 2003 U.S. Dist. LEXIS 9566, at *17-18 (S.D.N.Y. June 6, 2003) (declining to award sanctions on attorney for misstating status of discovery record where attorney was new to case, prior attorney's files had been destroyed, and information was not apparent from record).

Harrington and his attorney made a reasonable inquiry into the facts and applicable law concerning the issue at the center of Mountain States' motion for attorney's fees. Harrington and his attorney consulted existing case law, as well as consulted with experienced counsel on the strength of his position.

E.   Mountain States' Application for Attorney's fees is Excessive

Should the Court determine that some fee award is warranted, it should still not award the more than $22,000.00 sought by Mountain States for the preparation of a ten (10) page motion. That amount is unreasonable. "Counsel must make a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, <u>461 U.S. 424, 434</u> (1983). "

Mountain States is not entitled to any fee recovery because it has not met its required burden. The burden is on Mountain States to "demonstrat[e] the time spent and that it was reasonably necessary." *Maljack Productions, Inc. v. Palisades Entertainment*, 1995 WL 779154 at *3 (C.D. Cal. Jun. 23, 1995); see also *Queenie, Ltd. v. Nygard Int'l*, 204 F. Supp. 2d 601, 608 (S.D.N.Y. 2002) ("[w]hile a party to a litigation may choose its own level of litigation expense, it may not impose its own approach on a losing adversary"). Mountain States has not met this burden.

Mountain States may only recover "reasonable" rather than "actual" attorneys' fees. 17 U.S.C. § 505. A court may adjust downward the amount of fees awarded "to account for unnecessary, unreasonable, or unproductive hours." *Data General Corp. v. Grumman Systems Support Corp.*, 825 F. Supp. 361, 365 (D. Mass. 1993) (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564-66 (1986)).

The Supreme Court has defined a reasonable hourly rate as "one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys." See *Blum v. Stenson*, 465 U.S. 886, 893-94 (1984) (citations omitted). The amount should be based on what "a reasonable, paying client would be willing to pay." See *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 484 F.3d 162, 163 (2d. Cir. 2008). Moreover, these hypothetical "reasonable, paying clients" and "competent counsel" are intended to be those in the relevant legal community. Below is an analysis of the reasonableness as per the Johnson factors. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 *Rev.'d on other Grounds* (5th Cir. 1974).

1.  <u>The Time and Labor Required</u>

As *Johnson stated, "*[t]he trial judge should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities [i.e., a motion for sanctions]". *Id*. Also, "It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it." *Id*.

Here, contacting Harrington's counsel and filing papers as well as having two lawyers and a recent graduate of the law school research the same Rule 68 issue, is certainly something a paralegal could have done, or even a layperson and the scope of Rule 68 hardly requires this much review. It is worth noting that the non-lawyer in the group billed at a rate of $200.00 per hour, an amount equal what most intellectual property attorneys charge.[2]

2.  <u>The Novelty and Difficulty of the Questions; and 3., The Skill Requisite to Perform The Legal Service Properly</u>

Although the overall situation may be novel, the only question at issue was whether a Rule 68 Offer granting a declaratory judgment prevented a counterclaim for copyright infringement. Harrington does not dispute Mountain States' expertise or experience in

---

[2] Based on a study commissioned by the State Bar of New Mexico in 2012 on attorney fees. With a response rate of 15%, the report found that the mean rate for intellectual property, patent, and entertainment attorneys was $211 and the median was $213. *The Economics of Law Practice in New Mexico Lawyer Compensation*, Summary Of Results, September 2012, located at https://www.nmbar.org/NMBARDOCS/PubRes/Reports/2012LawyerCompensationSurvey.pdf (last visited November 12, 2020.) It should also be noted that while Mr. Santamaria is a patent agent registered in 2017, he is charging a rate that is commensurate with patent agents with over five years of experience. *Patent Cost: Understanding Patent Attorney Fees*, https://www.ipwatchdog.com/2015/04/18/patent-cost-understanding-patent-attorney-fees/id=56970/ (last visited November 12, 2020.)

intellectual property law though the necessity of three lawyers and a non-lawyer to research Rule 68 does give pause.

Three attorneys and a nonlawyer did not need to each review the law and a law student could have come up with the same argument.

4. <u>The Preclusion of Other Employment by The Attorney Due to Acceptance of the Case</u>

Mountain States' have not alleged that they turned down other work during the period of time they drafted the motion at issue.

5. <u>The Customary Fee; and 6.,Whether the Fee is Fixed or Contingent</u>

This situation is unusual enough that Mountain States' is hard-pressed to cite a "customary fee" for hiring an attorney to file a motion to enforce Rule 68 and then a motion for fees.

7. <u>Time Limitations Imposed by the Client or the Circumstances</u>

The parties had agreed to the time limits set by Judge Fashing. In fact, Mr. Squires had requested additional time based on his other commitments, which the Court granted.

8. <u>The Amount Involved and the Results Obtained</u>

The amount involved is negligible. The offer was for $1.01. Expending $13,478 to secure one dollar and one penny when there was apparently no basis for Harrington's argument, as alleged by Mountain States's motion for fees, is foolishness.

The results obtained by these attorneys in the case at large may be of some value to the clients beyond the attorneys' mere hourly rate, however, this award if granted only pertains to the work Mountain States' did in bringing the motion to enforce acceptance of the Rule 68 offer. In bringing that motion, they accomplished absolutely nothing for their clients. Harrington is free

to bring a claim for infringement of his images should any other business make use of them without a license. The motion for attorney's fees would only appear to benefit them.

9.   <u>The Experience, Reputation, and Ability of the Attorneys</u>

Mountain States cannot freely acknowledge the experience, reputation or ability of its counsel considering what has been said above.

10. <u>The "Undesirability" of the Case</u>

Mountain States sought to delineate Harrington's methods as those of a troll and to prevent Harrington from bringing further suits. Mountain States' counsel found the case to be desirable though they failed to achieve their expectation.

11. <u>The Nature and Length of the Professional Relationship With the Client</u>

Mountain States failed to state anything regarding this point and therefore Harrington would assert that none of Mountain States' counsel are deserving of higher fee considerations in this regard.

12. <u>Awards in Similar Cases</u>

Mountain States has not raised a single case cite to validate the actual numbers they are arguing neither the amount of time it takes a reasonable attorney to draft a motion to enforce a Rule 68 offer and acceptance or the reasonableness of their fees in light of the fact that it is a non-expert task. However, the number of hours they are claiming is astronomical. See, e.g., "Given the length of the submissions by both parties on both [a motion for sanctions and a motion to compel] and the time spent in the Court for hearing on both motions, three hours is a reasonable amount of time for counsel to  spend on both motions." *Entergy La., LLC v. Wackenhut Corp.*, 2010 U.S. Dist. LEXIS 127825. For further analysis regarding what a reasonable, paying client would be willing to pay, the Court should look to the 2nd Circuit's

Factors in *Arbor Hill*: "the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics),  the timing demands of the case, whether the attorney had an interest (independent of that of his client) in achieving the ends of the litigation or initiated the representation himself, whether the attorney was initially acting pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) the attorney expected from the representation." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 484 F.3d 162, 163 (2d. Cir. 2008).

Nearly every one of these factors is relevant here, and Mountain States' counsel are due reduction in fees. 1) Deceptively, the 'case' was not complex, as the only portion for which fees are being awarded is Rule 68 offer of $1.01, which did not invoke any expertise in intellectual property law. 2) This is an unknown because no other counsel is known for Mountain States until the Motion for Fees was submitted. 3) The resources required to move to enforce an acceptance of a Rule 68 offer are, or should be, significantly smaller than the resources required to litigate a copyright infringement suit (even if it is an open and shut one); also, Harrington is not expending enormous resources, such that Mountain States would feel as if it requires "Cadillac lawyers" just to keep up. 4) See previous. 5) Mountain States' counsel had interests apart from his client. Squires clearly had an express agenda that he was trying to accomplish, namely the intention to prevent Harrington from bringing additional suits in the manner done in other matters with Squire's clients, but a position which has very little to do with his client's individual rights or interests considering that he settled the case for $1.01.

IV.     CONCLUSION

For the foregoing reasons, the Court should deny Mountain States' Motion for Attorney's

Fees.


Dated: November 13, 2020                      __/s/__*David C. Deal*_____
                                              David C. Deal (VA Bar No.: 86005)
                                              The Law Office of David C. Deal, P.L.C.
                                              P.O. Box 1042
                                              Crozet, VA 22932
                                              434-233-2727, Telephone
                                              david@daviddeal.com
                                              *Attorney for Defendant*


                                              __/s/__*Ian Bezpalko*_____
                                              Ian Bezpalko
                                              Bezpalko Law Firm
                                              2721 Sioux Street NW
                                              Albuquerque, NM 87107
                                              505-341-9353, Telephone
                                               ian@bezpalkolawfirm.com
                                              *Attorney for Defendant*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 13, 2020, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF System, which will send notice of such filing to all the

registered CM/ECF users.

__/s/__*David C. Deal*_____
David C. Deal (VA Bar No.: 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
434-233-2727, Telephone
david@daviddeal.com
*Attorney for Plaintiff*
